UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MIRANDA ALVAREZ<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  25-cv-3078-RSH-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On November 10, 2025, petitioner Alberto Miranda Alvarez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Mexico, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶¶ 1, 7. Respondents have filed a return, and Petitioner has filed a traverse. ECF Nos. 6, 7. As set forth below, the Court grants the Petition.

**I.     LEGAL STANDARD**

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the

burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

### A. Jurisdiction

Respondents contend that Petitioner's claim is jurisdictionally barred under 8 U.S.C. § 1252(g) and (b)(9). ECF No. 6 at 6–9.

Section 1252(g) provides that, except as otherwise provided in that section, and notwithstanding any other provision of law including 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Additionally, Section 1252(b)(9) states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Respondents argue that this habeas petition arises from DHS's decision to commence removal proceedings, and Petitioner's challenge is thus barred by both Section 1252(g) and (b)(9). ECF No. 6 at 6–9.

The Supreme Court has interpreted the "arising from" jurisdiction-limiting provision in 8 U.S.C. § 1252(g) provisions narrowly, restricting it "only to three discrete actions that the Attorney General may take": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process . . . ." *Id.*

In a later decision involving a habeas petition, the Supreme Court likewise narrowly interpreted the similar "arising from" language in 8 U.S.C. § 1252(b)(9). *Jennings v.*

*Rodriguez*, 583 U.S. 281, 294 (2018). Referring back to its opinion in *American-Arab Anti-Discrimination Committee*, the Supreme Court explained that it did not construe Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Id.* (citation omitted). Consistent with this narrow interpretation, the Supreme Court held that Section 1252(b)(9) did not bar the detainee in *Jennings* from using habeas to challenge the legality of his detention. *Id.* at 294–95 ("[I]t is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar."). *See also Flores-Miramontes v. INS*, 212 F.3d 1133, 1139 (9th Cir. 2000) (stating that § 1252(b)(9) "does not affect petitions for habeas corpus").

Here, Petitioner challenges the legality of his detention rather than challenging an order of removal or Respondents' decision to charge him with being a removable noncitizen. Based on the foregoing precedent, the Court concludes that Petitioner's claim is not barred by 8 U.S.C. § 1252(g) or (b)(9).

Respondents also argue in a footnote that "the Court should ensure Petitioner properly exhausts administrative remedies." ECF No. 6 at 9 n.2. This Court, following other courts in this district, finds that exhaustion would be futile here because the Board of Immigration Appeals would be obligated to apply administrative precedent to conclude that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *3 (Nov. 4, 2025) (collecting cases).

### B. Merits

Petitioner alleges that he is entitled to a bond determination under 8 U.S.C. § 1226(a), which provides that, except for noncitizens with certain criminal convictions as set forth in subsection (c), the Attorney General may release an alien on bond or conditional

parole pending a decision on whether the alien is to be removed from the United States. ECF No. 1 ¶ 37.

Respondents maintain that Petitioner is not entitled to a bond hearing, because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 9–13. That statute provides that subject to certain exceptions, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). An "applicant for admission" for purposes of this section includes an "alien present in the United States who has not been admitted . . . ." *Id.* § 1225(a)(1).

Respondents argue that Petitioner is an alien present in the United States who has not been admitted, and therefore that under the plain language of the statute, he is an "applicant for admission" subject to the mandatory detention provision of Section 1225(b)(2)(A). ECF No. 6 at 9–13. Respondents do not dispute Petitioner's assertion that at the time of his arrest in connection with his current detention, he had already been present in the United States since entering in 1993. ECF No. 1 ¶ 7. Thus, at the time of Petitioner's arrest, he was not an applicant for admission in an everyday sense, but Respondents argue he was nonetheless an applicant for admission under the statutory definition. ECF No. 6 at 10.

The plain language of the mandatory detention provision on which Respondents rely requires, however, that the "applicant for admission" also be "seeking admission." 8 U.S.C. § 1225. Respondents appear to take the position that *all* applicants for admission are, by definition, also "seeking admission." ECF No. 6 at 12. Respondents do not cite any cases that expressly so hold.

Respondents' interpretation of "seeking admission" as used in the mandatory detention provision of Section 1225(b)(2)(A) would seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning: "[I]n the case of an alien who is an applicant for admission, if the examining

immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . . ." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Respondents argue elsewhere that "[o]ne of the most basic interpretative canons instructs that a 'statute should be construed so that effect is given to all its provisions.'" ECF No. 6 at 12 (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)). Respondents' approach to the mandatory detention provision at issue appears to run contrary to this interpretive canon.

Respondents' interpretation also appears to collapse the general distinction between Section 1225(b) and Section 1226(a) explained by the Supreme Court in *Jennings*. In that case, the Supreme Court observed that "U.S. immigration law authorizes the government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." 583 U.S. at 289. The Court thereby contrasted "aliens seeking admission into the country" (to whom Section 1225(b) applies) with "aliens already in the country" (to whom Section 1226 applies). *Id.* The Supreme Court described Section 1226(a) as the "default rule" for "the process of arresting and detaining" aliens who are already "inside the United States." *Id.* at 288. *See also id.* at 303 ("§ 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.").

Here, it would be more accurate to describe Petitioner as "already in the country" or "already present in the United States" rather than as "seeking admission into the country"— Petitioner has been in the United States for many years and was not actively seeking admission at the time he was arrested and charged with removability. Petitioner's argument that he is subject to Section 1226(a) is consistent with the Supreme Court's discussion in *Jennings*.

Section 1226(a) itself provides an exception ("[e]xcept as provided in subsection (c)") to its rule that the Attorney General may set bond or release an alien on conditional

parole. Section 1226(c), in turn, provides for the mandatory detention of noncitizens who have committed certain crimes. Relevant here, Section 1226(c) states that "[t]he Attorney General shall take into custody any alien who … is inadmissible under paragraph (6)(A) . . . of section 1182(a) of this title, *and* is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person. . . ." 8 U.S.C. § 1226(c)(1)(E) (emphasis added).

Petitioner appears to satisfy the *first* of these two statutory conditions for mandatory detention: He is "[a]n alien present in the United States without having been admitted or paroled," which is a ground for inadmissibility under 8 U.S.C. § 1182(a)(6). However, Petitioner does not satisfy the *second* of these two statutory conditions—there is no suggestion that he has been arrested for or committed an enumerated crime. Respondents' interpretation of Section 1225(b)(2)(A) would seemingly render the second condition from the language of Section 1226(c)(1)(E) a nullity. That is, under Respondents' interpretation, all aliens "present in the United States without being admitted or paroled" are applicants for admission who are seeking admission, and are subject to mandatory detention under Section 1225(b)(2)(A). There would be no reason for Congress to further specify that some *subset* of those noncitizens, who have committed certain enumerated crimes, are subject to mandatory detention under Section 1226(c)(1)(E).

The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for years. *See, e.g.*, *Contreras-Cervantes v. Raycraft*, No. 2:25-cv-13073, 2025 WL 2952796, at *8 & n.4 (E.D. Mich. Oct. 17, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country, irrespective of the length of time, having been apprehended and arrested within the border of the United States. The reading of the statutes supports this finding, as does every other

Court that has had to address the distinction between Section 1225(b)(2)(A) and Section 1226(a).") (collecting cases); *Cerritos Echevarria v. Bondi*, No. CV-25-3252-PHX-DWL (ESW), 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("In recent months, many district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position and concluded that an alien in Petitioner's situation (*i.e.*, an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades) is entitled to a bond hearing under § 1226(a).") (collecting cases). This Court rules likewise.

The Court concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that detention, bond, and release in Petitioner's case are instead governed by 8 U.S.C. § 1226(a).

The Petition requests release on the terms of release set by an Immigration Judge in Petitioner's case on August 22, 2025. ECF No. 1-7 (order of the Immigration Judge). Although Respondents challenge Petitioner's entitlement to relief generally, they do not argue that a new bond hearing is required in the event the Court agrees with Petitioner that his release is governed by 8 U.S.C. § 1226(a). Accordingly, the Court will order Petitioner's release on the terms previously set pursuant to 8 U.S.C. § 1226(a).

//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to immediately release petitioner Alberto Miranda Alvarez subject to the terms previously set on August 22, 2025 by the Immigration Judge in Petitioner's immigration case. The Court declines to order further injunctive relief. To the extent Petitioner seeks to recover fees or costs, he must do so in the manner prescribed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the undersigned's chambers rules. Any request for fees must be made by duly noticed motion. The Court **VACATES** the hearing date set for December 4, 2025 and any remaining dates set in this case.

**IT IS SO ORDERED.**

Dated: December 1, 2025

*Robert S. Huie*
———————————————
Hon. Robert S. Huie
United States District Judge